UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TERRY J. FITTJE,                                  Case No. 6:13-cv-00629-HA

             Plaintiff,                           OPINION AND ORDER

      v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

             Defendant.

_____

HAGGERTY, District Judge:

        Plaintiff Terry J. Fittje seeks judicial review of a final decision by the Acting

Commissioner of the Social Security Administration denying her application for Disability

Insurance Benefits (DIB).  This court has jurisdiction to review the Acting Commissioner's

decision under 42 U.S.C. § 405(g).  After reviewing the record, this court concludes that the

Acting Commissioner's decision must be reversed and remanded for further proceedings.


OPINION AND ORDER - 1

## STANDARDS

A claimant is considered "disabled" under the Social Security Act if: (1) he or she is unable to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue,* 688 F.3d 1144, 1149-50 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)); 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the Commissioner must determine whether the claimant (1) has not engaged in SGA since his or her alleged disability onset date; (2) suffers from severe physical or mental impairments; (3) has severe impairments that meet or medically equal any of the listed impairments that automatically qualify as disabilities under the Social Security Act; and (4) has a residual functional capacity (RFC) that prevents the claimant from performing his or her past relevant work. *Id.* An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p. The claimant bears the burden of proof in the first four steps to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist

in a significant number in the national economy that the claimant can perform given his or her

RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of

awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a).  On the other hand, if the

Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of

determining benefits eligibility. *Id.*

 The Commissioner's decision must be affirmed if it is based on the proper legal standards

and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. §

405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.

Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

 When reviewing the decision, the court must weigh all of the evidence, whether it

supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098.  The

Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the

Commissioner's decision must be upheld in instances where the evidence supports either

outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).  If, however, the

Commissioner did not apply the proper legal standards in weighing the evidence and making the

decision, the decision must be set aside. *Id.* at 720.

## FACTUAL AND PROCEDURAL HISTORY

 Plaintiff was born in 1961 and is classified as a "younger person" at the time of the

alleged onset date.  Plaintiff completed her General Education Development (GED) in 1990 and

OPINION AND ORDER - 3

has past work experience as a cashier, certified nurse assistant, office assistant, order cook and line worker at a food processing plant. Plaintiff protectively filed her application for DIB on December 4, 2008, alleging that she has been disabled since December 1, 2007. The claim was denied initially and upon reconsideration. At plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on August 30, 2011. The ALJ heard testimony from plaintiff, who was represented by counsel, as well as an independent vocational expert (VE).

On September 23, 2011, the ALJ issued a decision finding that plaintiff was not disabled under the Social Security Act. Before beginning the sequential analysis, the ALJ found that plaintiff met the insured status requirements of the Social Security Act through March 31, 2010; therefore, plaintiff must have been disabled on or before that date to qualify for DIB. Tr. 14.[1] At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA since December 1, 2007, her alleged onset date. Tr. 14. At step two, the ALJ found that plaintiff suffers from the following medically determinable severe impairments: coronary artery disease, degenerative disc disease, degenerative joint disease, diabetes mellitus (Type II), morbid obesity, asthma, and carpal tunnel syndrome (status post surgery). Tr. 14. The ALJ found that plaintiff does not have any severe mental impairments. Tr. 15. After considering plaintiff's severe and non-severe impairments, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 16. After considering the entire record, the ALJ found that plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except: she

---

[1] "Tr." refers to the Transcript of the Administrative Record.

can lift and carry ten pounds frequently and twenty pounds occasionally; stand and walk a total of

two hours in an eight-hour day; sit two hours at a time up to eight hours total in an eight-hour

day; occasionally climb stairs and ramps; cannot climb ropes, ladders, and scaffolds; can only

occasionally stoop, kneel, crouch, and crawl; avoid moderate exposure to dust, fumes, gases, and

other respiratory irritants; avoid exposure to unprotected heights, dangerous machinery, and other

hazards; and cannot perform work requiring the use of upper extremities for repetitive tasks. Tr.

17. Based on plaintiff's RFC and the testimony of the VE, the ALJ found that plaintiff is capable

of performing past relevant work as an office helper. Tr. 20. Therefore, the ALJ concluded that

plaintiff is not disabled and step five of the sequential analysis was not reached. Tr. 20.

On February 20, 2013, the Appeals Council denied plaintiff's request for review, making

the ALJ's decision the final decision of the Acting Commissioner. Plaintiff subsequently

initiated this action seeking judicial review.

**DISCUSSION**

Plaintiff alleges that the ALJ committed one error in conducting the sequential analysis.

Specifically, plaintiff argues that the ALJ improperly evaluated psychological evidence in

affording little weight to the opinions of examining psychologists Kay Stradinger, Psy.D., and

John Cochran, Ph.D and concluding that plaintiff has no severe mental impairments.

1.    **Doctor Stradinger**

In 2009, the Social Security Administration referred plaintiff to Dr. Stradinger, who

conducted a review of plaintiff's psychological history and conducted a mental status

examination. Doctor Stradinger diagnosed plaintiff with, *inter alia*, major depressive disorder,

attention deficit hyperactivity disorder, Cluster B personality traits, and a Global Assessment of

OPINION AND ORDER - 5

Functioning score of fifty, which indicates serious symptoms or severe impairment. She indicated that plaintiff had marked limitations on social functioning and activities of daily living.

The ALJ assigned Dr. Stadinger's opinion little weight. The ALJ reasoned that this was a one-time evaluation, the evaluation was based largely on plaintiff's self-report, and the treatment records do not support the alleged degree of limitation. Plaintiff argues that the ALJ erred in rejecting Dr. Stradinger's opinion.

"To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* In this case, Dr. Stradinger's opinion is contradicted by that of state agency medical consultant Robert Henry, Ph.D., who found that plaintiff was less limited. Tr. 420. Therefore, the ALJ properly rejected Dr. Stradinger's opinion if she provided specific and legitimate reasons that are supported by substantial evidence.

Plaintiff argues that the fact that Dr. Stradinger's opinion was largely based on plaintiff's self-report is not a legitimate reason for rejecting the opinion. "An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). In this case, plaintiff does not argue that the ALJ improperly found plaintiff's testimony incredible; rather, plaintiff argues that Dr. Stradinger's opinion was not based largely on self-reports. This court agrees. Doctor Stradinger conducted a complete mental status examination, in which she evaluated plaintiff's general appearance, attitude and behavior, stream of mental

activity/speech, content of thoughts, mood/affect, and intellectual functioning. Tr. 404-406.

There is nothing in the record to indicate that Dr. Stradinger relied more heavily on plaintiff's

self-reports than the mental status examination in forming her diagnosis. Therefore, Dr.

Stradinger's reliance on self-reports is not a specific and legitimate reason supported by

substantial evidence. *Ryan v. Comm'n of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir.

2008) (concluding that a psychiatric evaluation was not based largely on subjective complaints

when the doctor conducted a mental status examination and nothing in the record indicated that

the doctor relied more heavily on the claimant's description of symptoms).

    The ALJ also reasoned that the treatment records do not support the alleged degree of

limitation. Specifically, the ALJ found it persuasive that plaintiff rarely mentioned depression or

concentration problems to her treating physicians. For support, the ALJ cites to a physical

examination in which the doctor reported that plaintiff was well-groomed and in no distress.

However, other doctor visits demonstrate signs that plaintiff may suffer from mental limitations.

For example, one year prior to the examination cited by the ALJ, another doctor described

plaintiff as "a very overweight middle-aged woman who seems very tearful, laying on her side in

bed." Tr. 277. The doctor also noted that plaintiff "can answer questions appropriately, but is a

little evasive on answering questions." Tr. 277-288. Similarly, several doctors diagnosed

plaintiff with depression and attention deficit disorder after her alleged onset date. Tr. 281, 441,

450, 378. Therefore, treatment records do indicate that plaintiff suffered from mental limitations.

The Ninth Circuit does "not require that a medical condition be mentioned in every report to

conclude that a physician's opinion is supported by the record." *Orn v. Astrue*, 495 F.3d 625, 634

(9th Cir. 2007). According, the ALJ's reasoning is not supported by substantial evidence.

OPINION AND ORDER - 7

Finally, the ALJ reasoned that Dr. Stradinger's opinion should be discounted because it was based on a one-time evaluation. However, the fact that plaintiff visited Dr. Stradinger only one time is alone an insufficient reason for discounting her opinion. The suggestion that an opinion is inadequate simply because it resulted from a one-time evaluation leads to the conclusion that all examining physician opinions should be discarded. *Henderson v. Astrue*, 634 F.Supp.2d 1182, 1192 (E.D.Wash. 2009). This result is unreasonable, as defendant has often based non-disability decisions on such one-time evaluations. Therefore, the ALJ's rejection of Dr. Stradinger's opinion merely because it was based on a one-time evaluation is not a legitimate reason without additional support. As discussed above, the other reasons that the ALJ provided were not supported by substantial evidence. Therefore, the ALJ erred in her evaluation of Dr. Stradinger's opinion. This matter is remanded so that the ALJ can conduct a proper analysis of Dr. Stradinger's opinion.

### 2.    Doctor Cochran

In 2011, Dr. Cochran performed a psychological evaluation on plaintiff at the request of plaintiff's counsel. Doctor Cochran diagnosed plaintiff with post-traumatic stress disorder, somatoform disorder, generalized anxiety disorder, dysthymia, personality disorder, and rule out attention deficit hyperactivity disorder. He concluded that plaintiff has severe problems in carrying out detailed tasks and severe difficulty making it through a normal work week without interference from psychological symptoms. Doctor Cochran noted that these limitations have been present since March 2007.

The ALJ afforded little weight to Dr. Cochran's opinion because he evaluated plaintiff nearly eighteen months after the date last insured and the statement that the psychological

OPINION AND ORDER - 8

limitations existed before the date last insured appears to be based on plaintiff's self-reports.

First, plaintiff argues that the date last insured is irrelevant to plaintiff's application for Supplemental Security Income Benefits (SSI). However, it does not appear that plaintiff appealed the denial of her SSI benefits, as this is the only instance in which plaintiff raises that issue. Pl.'s Brief at 2 (failing to mention Title XVI benefits, plaintiffs states, "On July 18, 2006 claimant applied for Title II Social Security Disability Insurance (DIB) disability benefits."). Plaintiff failed to even file a reply brief to challenge defendant's contention that SSI benefits are not presently at issue. Therefore, this court is not addressing plaintiff's claim for SSI benefits. *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) ("at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal.").

Second, with respect to DIB, plaintiff argues that medical evidence generated after the date last insured may indicate that plaintiff was disabled beforehand. Accordingly, plaintiff argues that the ALJ erred in discounting Dr. Cochran's evaluation merely because it was conducted after the date last insured. This court agrees. "[M]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir.1988). Therefore, the ALJ's rejection of Dr. Cochran's evaluation because it was conducted after the date last insured is not a legitimate reason.

However, harmless error applies when some of the reasons that the ALJ relied on to reject evidence are invalid. Errors committed under these circumstance are harmless if there remains substantial evidence supporting the ALJ's conclusions, and the error does not negate the validity

OPINION AND ORDER - 9

of the ALJ's ultimate conclusion. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). The key issue is "whether the ALJ's underlying decision remains supported, in spite of any error, and not whether the ALJ would necessarily reach the same result on remand." *Id.* at 1163 n. 4.

In this case, the ALJ provided another reason for discounting Dr. Cochran's opinion. The ALJ reasoned that Dr. Cochran's conclusion that psychological limitations existed before the date last insured was based on the claimant's self-report. As stated above, "[a]n ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti*, 533 F.3d at 1041. Unlike Dr. Stradinger's opinion, which was based on plaintiff's self-reports as well as a mental status evaluation, Dr. Cochran's statement that plaintiff had mental limitations before the date last insured, is based almost solely on self-report. Doctor Cochran's diagnostic evaluations, which were conducted in 2011, provided little insight as to plaintiff's mental health prior to the date last insured. Accordingly, Dr, Cochran necessarily relied on plaintiff's self-report to access her psychological functioning prior to date last insured, March 31, 2010. Even Dr. Cochran acknowledges that plaintiff's symptoms have worsened. Tr. 596. The degree to which they have worsened from March 31, 2010 to August 6, 2011 cannot be assessed without reliance on plaintiff's self-reports. Because Dr. Cochran's opinion relied on plaintiff's self-report and plaintiff's credibility was properly discounted by the ALJ, the ALJ provided a specific and legitimate reason for discounting his opinion. Therefore, any error committed by the ALJ in assessing Dr. Cochran's opinion was harmless, because the ALJ also provided valid reasons for rejecting that opinion.

///

OPINION AND ORDER - 10

**CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Acting Commissioner denying Terry J. Fittje's application for DIB must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

DATED this _4_ day of September, 2014.

                                    Ancer L. Haggerty
                                    United States District Judge

OPINION AND ORDER - 11